Tommy FUENTEZ, Petitioner–
Appellant,

v.

Fred BROWN, Warden, Respondent–
Appellee.

No. 06–17225.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Nov. 28, 2007.

Robert W. Rainwater, Esq., Federal Public Defender's Office, Fresno, CA, Carolyn M. Wiggin, Esq., David M. Porter, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Erik R. Brunkal, Mary Jo Graves, Esq., Melissa Lipon, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Tommy Fuentez appeals the federal district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. This court has jurisdiction pursuant to 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 2253 and reviews a district court's denial of a § 2254 habeas petition de novo. *See Tanner v. McDaniel,* 493 F.3d 1135, 1139 (9th Cir.2007).

Fuentez's ineffective assistance of counsel claim was not considered by the California courts on its merits. When a state court does not rule on the merits of a habeas claim, federal courts cannot give deference to the state court findings pursuant to 28 U.S.C. § 2254(d).[1] A different, less stringent standard of review applies to habeas claims that were not decided on the merits by a state court. *See Killian v. Poole,* 282 F.3d 1204, 1208 (9th Cir.2002). Federal courts review legal issues de novo and factual issues for clear error when a state court has not considered a claim on the merits. *See id.*

■ Here, the district court erroneously reviewed the California proceedings to determine whether the state court decisions were contrary to or involved an unreasonable application of clearly established federal law pursuant to 28 U.S.C. § 2254(d).

The proper analysis is whether Fuentez's counsel's performance was deficient and if so whether the deficient performance prejudiced Fuentez. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To conduct this analysis without further development of the record, facts alleged in the petition should be presumed as true unless they are patently false. *See Blackledge v. Alli-*

son, 431 U.S. 63, 75–76, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

■ Fuentez's petition contends his trial counsel was ineffective in advising him to enter a plea agreement, in assisting him in fulfilling his plea agreement, and in representing him at sentencing. The court concludes, taking all of Fuentez's allegations as true, he makes out a claim for ineffective assistance of counsel. In addition, the court concludes that the allegations of Fuentez's petition were not "patently false or frivolous." *See id.* at 78, 97 S.Ct. 1621. Accordingly, the court concludes the district court erred in dismissing Fuentez's petition for writ of habeas corpus without allowing for further development of the record. The district court's denial of Fuentez's petition for writ of habeas corpus is REVERSED, and the petition is REMANDED to the district court for further development of Fuentez's ineffective assistance of counsel claims.

**REVERSED and REMANDED.**

---

1. 28 U.S.C. § 2254(d) provides,
   "an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to *any claim that was adjudicated on the merits in State court* proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."
   (emphasis added).